UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER WILLIAMS,

    Petitioner,

v.                                                                       3:02-cr-078
                                                                        3:09-cv-438

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Walter Williams ("Williams"). The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED** as time-barred.

Willams pleaded guilty to cocaine distribution and possession charges, and was sentenced to a term of life imprisonment. The Sixth Circuit affirmed his sentence. *United States v. Williams*, No. 06-6427 (6th Cir. April 22, 2008) (unpublished decision). Williams'

conviction became final on May 16, 2008, which was the date the Sixth Circuit's mandate was filed. [Court File No. 992]. The court received Williams' § 2255 motion on September 30, 2009.[1]

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. Williams' § 2255 motion was filed over four months after the expiration of the statute of limitation. Williams acknowledges that his § 2255 motion was not timely filed, but contends that he wrote letters to the district court dating back to March 7, 2009, in which he sought an extension of time to file a § 2255 motion.

The court received two letters from Williams, on August 31, 2009, and September 1, 2009. [Court File Nos. 1058 and 1059, respectively]. Both letters were received after the expiration of the statute of limitation. In any event, the court lacks jurisdiction to extend the time for filing a § 2255 motion. *See Reed v. United States*, 13 Fed.Appx. 311, 2001 WL 700811 (6th Cir. June 15, 2001). "Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion." *Id*. at *2 (citing *United States v. Leon*, 203 F.3d 162, 163-64 (2d Cir. 2000); *In re Application of Wattanasiri*, 982 F. Supp. 955, 957-58 (S.D.N.Y. 1997)). Williams' § 2255 must be denied as time-barred.

---

[1] The § 2255 motion indicates it was signed by petitioner on September 25, 2009. Since that was after the filing deadline, the "prison mailroom filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), is irrelevant in this case.

It plainly appears from the face of the motion and the prior proceedings in the case that Williams is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as untimely and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Williams leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Williams having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Leon Jordan
                                        United States District Judge