UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:02-CR-078-TAV-DCP-1 |
| | ) | |
| WALTER WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has moved for a reduction in his term of imprisonment pursuant to the First Step Act [Docs. 1295]. The government responded in opposition [Doc. 1302], defendant replied [Doc. 1308], and the government filed an amended response [Doc. 1352]. Following the issuance of the Sixth Circuit's opinion in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the Court holds that defendant is eligible for a reduction, but a reduction is not warranted. Accordingly, it will **DENY** defendant's motion [Docs. 1295] to reduce his sentence under the First Step Act.

**I.   Background**

On December 15, 2003, a jury convicted defendant of conspiracy to distribute and possession with intent to distribute fifty (50) grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) [Doc. 780].

At the time of sentencing, defendant was held responsible for 1.5 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 74], resulting in a base offense level of 38 under the 2003 version of the United States Sentencing Commission's Guidelines

Manual [*Id.* ¶¶ 73–74].  A two-level enhancement for possessing a dangerous weapon during the offense and a four-level enhancement for being an organizer or leader of the offense were added, resulting in a total offense level of 44 [*Id*. ¶¶ 75, 77, 79].  The PSR also determined that defendant was a career offender, but this did not impact his total offense level, as level 44 was already higher than the career offender offense level of 37 [*Id*. ¶ 80].  Defendant had a total of 24 criminal history points, resulting in a criminal history category of VI, and category VI would otherwise have applied under the career offender guidelines [*Id*. ¶ 96].  Based on a total offense level of 44 and a criminal history category of VI, the PSR calculated defendant's guideline range as life [*Id*. ¶ 110].  On June 8, 2004, the Court sentenced the defendant to a term of life imprisonment [Doc. 780].

On appeal, the Sixth Circuit remanded for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005) [Doc. 893].  At resentencing, the Court again imposed a sentence of life imprisonment [Doc. 942].  Defendant appealed, and the Sixth Circuit affirmed [Doc. 989].

In 2014, defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines [Doc. 1229], and, in 2017, while his initial motion remained pending, defendant again moved for a sentence reduction under § 3582(c)(2) in light of Amendments 782 and 788 to the Sentencing Guidelines [Doc. 1258].  The Court granted these motions and reduced defendant's total sentence to 360 months [Doc. 1282].  The Court found that the new guideline range applicable to

defendant's drug conspiracy charge was 360 months to life, based on an offense level of 38 and a criminal history category of VI [*Id*. at 5].

Defendant now argues that his crack cocaine conspiracy conviction renders him eligible for a sentence reduction under the First Step Act [Docs. 1295]. He contends that consideration of the § 3553(a) factors, particularly his post-sentence rehabilitation, merits a downward variance from the otherwise applicable guideline range of 360 months to life [*Id*. at 15–17]. The government initially responded, arguing that defendant was not eligible for relief under the First Step Act [Doc. 1304] and defendant replied to this argument [Doc. 1308]. Thereafter, the government filed an amended response, in light of *Boulding*, acknowledging that defendant is eligible for release but arguing that no reduction is warranted in light of the § 3553(a) factors [Doc. 1352]. This matter is now ripe for resolution.

**II.     Analysis**

Defendant's motions present two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

**A.     Defendant's Eligibility for a Section 404 Reduction**

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404

3

of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b).

The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of eligibility turns on whether defendant's conviction for conspiring to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), qualifies as a covered offense. While the government initially argued that defendant's offense was not a covered offense [Doc. 1302], it now concedes that defendant's offense does qualify as a covered offense [Doc. 1352]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). In *United States v.*

4

*Boulding*, the Sixth Circuit, joining all other circuits that have addressed the issue,[1] held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020).

Here, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years to drug offenses involving fifty (50) grams or more of cocaine base [PSR ¶ 109]. Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in § 841(b)(1)(A)(iii) is 280 grams. And, although well over 280 grams of crack cocaine was attributed to defendant at sentencing [PSR ¶ 56 (concluding that defendant "should be held accountable for a minimum of 1.5 kilograms of cocaine base")], *Boulding* makes plain that

---

[1] *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185, *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Smith*, 954 F.3d 446, 448–49 (1st Cir. 2020); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

a defendant's specific conduct, including the drug quantity attributed to him beyond that found by the jury, is immaterial to the covered offense analysis. 960 F.3d at 781–82. Lastly, the Court notes that defendant committed this offense well before August 2, 2010 [PSR ¶ 46 (noting that defendant's involvement in the conspiracy began sometime in late 1998 and continued until July 16, 2002)]. Thus, defendant was convicted of a "covered offense." *See* § 404(a). He is thus eligible for a sentence reduction. *See Boulding*, 960 F.3d at 778–82.

### B. Consideration of the § 3553(a) Factors

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced

sentence. *Boulding*, 960 F.3d at 784.² Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

Post-*Boulding*, the parties agree that defendant's offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A), and he would have been subject to statutory mandatory minimum of five (5) years, rather than ten (10) years. [Doc. 1295, p. 6; Doc. 1352, p. 4]. Ultimately the parties both submit that the applicable

---

² The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

7

guideline range is 360 months to life, the same guideline range that the Court used when reducing defendant's sentence under Amendment 782 [Doc. 1295, p. 15; Doc. 1352, p. 4; *see also* Doc. 1282, p. 5].

Defendant argues that the Court should consider his post-sentence rehabilitation and implicates that a downward variance is warranted [Doc. 1295, pp. 15–17]. He specifically requests a resentencing hearing and for the Court to reduce his sentence below 360 months [*Id.* at 17].

The government argues that no sentence reduction is warranted in this case [Doc. 1352, p. 5]. The government notes that defendant's offense was serious, and involved trafficking more than 8 kilograms of crack cocaine, which, even today, would easily justify prosecution under § 841(b)(1)(A), because it exceeds the current 280-gram threshold [*Id.*]. The government also notes that defendant was the undisputed leader of the Vice Lords gang and directed all of the gang's drug activity [*Id.* (citing PSR ¶ 58)]. Even after he was imprisoned, defendant directed the gang's drug trafficking activities [*Id.* (citing PSR ¶¶ 47–49, 54, 58)]. The government specifically highlights defendant's involvement in planning a "hit" on a gang member who was believed to have spent money that was meant to be saved to post bond for gang members [*Id.* (citing PSR ¶ 67)]. The government further notes that, at the time the instant conspiracy began, defendant was on parole for eight aggravated robbery convictions, and his prior convictions yielded over 20 criminal history points, all earned before age 32 [*Id.* at 5–6 (citing PSR at 3, ¶ 93)]. Finally, the government acknowledges that defendant earned his GED in 2015, but states that he has incurred

8

Case 3:02-cr-00078-TAV-DCP Document 1362 Filed 05/11/21 Page 8 of 11 PageID #: 2536

disciplinary infractions in prison on eight separate occasions, including two incidents of possessing a dangerous weapon [*Id*. at 6].

Although factors similar to those that applied at the defendant's initial sentencing also apply here, the Court has considered these factors again in the context of the instant motion, including the nature and circumstances of defendant's offenses and his history and characteristics. Regarding the offense characteristics, the Court notes in particular that defendant's base offense level reflects his accountability for 1.5 kilograms of crack cocaine, a significant quantity of a highly dangerous substance and a quantity that would support a prosecution under 21 U.S.C. § 841(b)(1)(A) as amended by the Fair Sentencing Act [PSR ¶ 74]. The Court notes that defendant's offense conduct arose out of his gang involvement and whose purpose it was to control the drug trafficking in and around a Knoxville public housing project [*Id.* ¶ 46]. Defendant was the leader of the gang, and continued to direct the gang's drug trafficking activities after he was incarcerated [*Id.* ¶¶ 47, 54, 58]. Defendant also directed "hits" on several individuals and directed other punishment for violation of the gang's rules [*Id*. ¶ 58]. The Court also notes that numerous firearms were seized during law enforcement's investigation of the gang's criminal activities [*Id.* ¶ 59]. Furthermore, defendant was involved in multiple violent episodes relating to his drug trafficking activities, including robbing another drug dealer at gunpoint, and ordering "hits" on two separate individuals [*Id*. ¶¶ 65–67]. For these reasons, the Court finds that defendant's offense is serious.

9

Regarding defendant's history and characteristics, the Court notes that defendant has an extensive criminal history, including eight aggravated robbery convictions, most of which involved the use of a firearm [*Id.* ¶¶ 85–91]. Defendant committed numerous infractions while incarcerated in the Tennessee Department of Corrections on these charges [*Id.* ¶ 92]. The Court notes that defendant is currently forty-nine (49) years old and has been in federal custody since August 21, 2002, after a writ was issued to Northwest Correctional Facility, where defendant was then housed. The Court's review of documents supplied by the government indicate that defendant has incurred several disciplinary infractions while incarcerated, including two infractions for possessing a dangerous weapon and two infractions for possessing intoxicants [Doc. 1352-1].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range (360 months to life) and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court does not find a reduction in the defendant's sentence to be appropriate. Specifically, the Court notes that the only ground for a sentence reduction in this case, in light of defendant's sentence reduction under Amendment 782 to

the Guidelines, is defendant's argument for a downward variance. The Court notes that a variance below the applicable guideline range is most appropriate when the particular circumstances of the case fall outside the "heartland" of similar cases before the Court, in light of the sentencing goals contained in § 3553(a). *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009). Considering all of the § 3553(a) factors, the Court does not find that this case falls outside the "heartland" of similar cases, such that a downward variance is warranted. Indeed, the Court notes that, other than his generalized statement of post-sentence rehabilitation, defendant has pointed to no factors that would support the grant of a downward variance in this case. Ultimately, because a consideration of all of the § 3553(a) factors, including defendant's post-sentencing conduct, do not warrant a downward variance, the Court will decline to exercise its discretion to grant a sentence reduction in this case.

### III. Conclusion

For the reasons discussed, the Court will **DENY** defendant's motion [Docs. 1295] for a reduction of his term of imprisonment under the First Step Act.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE