UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-00078-TAV-DCP-1 |
| WALTER WILLIAMS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se Motion for Compassionate Release [Doc. 1344]. The Federal Defender Services of Eastern Tennessee, Inc. has filed a supplemental motion [Doc. 1348] and the United States has filed a response [Doc. 1353]. For the reasons set forth more fully below, defendant's motions will be **DENIED**.

**I. Background**

On December 15, 2003, a jury convicted defendant of conspiracy to distribute and possession with intent to distribute fifty (50) grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) [Doc. 624].

At the time of sentencing, defendant was held responsible for at least 1.5 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 74], resulting in a base offense level of 38 under the 2003 version of the United States Sentencing Commission's Guidelines Manual [*Id.* ¶¶ 73–74]. A two-level enhancement for possessing a dangerous weapon during the offense and a four-level enhancement for being an organizer or leader of the offense were added, resulting in a total offense level of 44 [*Id.* ¶¶ 75, 77, 79]. The

PSR also determined that defendant was a career offender, but this did not impact his total offense level, as level 44 was already higher than the career offender offense level of 37 [*Id.* ¶ 80]. Defendant had a total of 24 criminal history points, resulting in a criminal history category of VI, and category VI would otherwise have applied under the career offender guidelines [*Id.* ¶ 96]. Based on a total offense level of 44 and a criminal history category of VI, the PSR calculated defendant's guideline range as life [*Id.* ¶ 110]. On June 8, 2004, the Court sentenced defendant to a term of life imprisonment [Doc. 780].

On appeal, the Sixth Circuit remanded for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005) [Doc. 893]. At resentencing, the Court again imposed a sentence of life imprisonment [Doc. 942]. Defendant appealed, and the Sixth Circuit affirmed [Doc. 989].

In 2014, defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines [Doc. 1229]. In 2017, while his initial motion remained pending, defendant again moved for a sentence reduction under § 3582(c)(2) in light of Amendments 782 and 788 to the Sentencing Guidelines [Doc. 1258]. The Court granted these motions and reduced defendant's total sentence to 360 months [Doc. 1282]. The Court found that the new guideline range applicable to defendant's drug conspiracy charge was 360 months to life, based on an offense level of 38 and a criminal history category of VI [*Id.* at 5].

Defendant is housed at FCI Talladega, which currently has zero (0) active cases of COVID-19 amongst the inmates, zero (0) active cases amongst the staff, and 128 staff and

2

Case 3:02-cr-00078-TAV-DCP   Document 1369   Filed 07/21/21   Page 2 of 9   PageID #: 2553

564 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 12, 2021). Defendant is forty-nine (49) years old and medical records establish that he suffers from, among other ailments, type II diabetes, hypertension, gout, and obesity [Doc. 1350 at 71]. Defendant tested positive for COVID-19 on December 24, 2020 [*Id*. at 52]. He was treated with donor plasma and subsequently recovered after an approximately ten (10) day hospital stay [Docs. 1350, 1357]. Defendant is scheduled for release on November 11, 2033. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 12, 2021).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

3

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 1348].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry

4

and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.  In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits.  *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has satisfied the exhaustion requirement [Doc. 1353].  Thus, the Court may consider the merits of defendant's request.

#### B. § 3553(a) factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial.  *Elias*, 984 F.3d at 519.  In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether

5

defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491.

The Court begins with the criminal conduct at issue in this case. The government notes that defendant's offense was serious, and involved a large amount of crack cocaine [PSR ¶¶ 52-57]. The Court also notes that defendant was the leader of the local chapter of the Vice Lords gang and directed the gang's drug activity [*Id*. at ¶¶ 47, 58]. Even after he was imprisoned, defendant directed the gang's drug trafficking activities [*Id*. at ¶¶ 47–49, 54, 58]. The record reflects that defendant "ordered a hit on . . . a former treasurer of the gang" and was involved in planning that hit [*Id*. at ¶ 67]. The Court further notes that, at the time the instant conspiracy began, defendant was on parole for eight aggravated robbery

6

convictions, and his prior convictions yielded over 20 criminal history points, all earned before age 32 [*Id*. at ¶¶ 85-93].

Regarding defendant's history and characteristics, the Court notes that defendant has an extensive criminal history, including eight aggravated robbery convictions, most of which involved the use of a firearm [PSR at ¶¶ 85–91]. Defendant committed numerous infractions while incarcerated in the Tennessee Department of Corrections on these charges [*Id*. at ¶ 92]. Finally, the Court acknowledges that defendant earned his GED in 2015 [Doc. 1353-1], but BOP records also show that he incurred eight disciplinary infractions while serving the instant sentence, including two incidents of possessing a dangerous weapon and two infractions for possessing intoxicants [Doc. 1353-3].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range (360 months to life) and the need to avoid unwarranted disparities. *Id*.

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. Defendant's conduct in directing gang-related activity even while in prison evidences the need to protect the public from future crimes by this defendant, as well as his lack of respect for the rule of law.

Similarly, defendant's history of disciplinary infractions while in prison reflect the ongoing need to provide adequate deterrence and to provide just punishment.

As the Court noted above, defendant was re-sentenced to a term of imprisonment of 360 months [Doc. 1282], and he is due to be released November 11, 2033, approximately 148 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, defendant has only served about sixty percent of a 360-month sentence, with approximately 148 months remaining on his sentence. The Court finds that the length of time left on defendant's sentence is another factor which weighs against compassionate release.

The Court is aware of defendant's medical conditions, and the risk that the ongoing pandemic poses to defendant and to others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, 564 inmates at the facility where defendant is housed have already been vaccinated. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes

8

defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motions for compassionate release [Docs. 1344, 1348] will be **DENIED**.

## IV.  Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motions for compassionate release [Docs. 1344, 1348] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE