UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:02-CR-078-TAV-DCP-1 |
| WALTER WILLIAMS, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for reconsideration [Doc. 1370] of the Court's denial of his first motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 1369 (denying Doc. 1344)] and defendant's second motion for compassionate release [Doc. 1398], as well as several supplements to these motions [Docs. 1371, 1402, 1405, 1407, 1408]. For the reasons set forth more fully below, defendant's motions [Docs. 1370, 1398] will be **DENIED**.

**I.      Background**

On December 15, 2003, a jury convicted defendant of conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) [Doc. 624].

At the time of sentencing, defendant was held responsible for at least 1.5 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 74], resulting in a base offense level of 38 under the 2003 version of the United States Sentencing Commission's Guidelines Manual [*Id.* ¶¶ 73–74]. A two-level enhancement for possessing a dangerous

weapon during the offense and a four-level enhancement for being an organizer or leader of the offense were added, resulting in a total offense level of 44 [*Id.* ¶¶ 75, 77, 79]. The PSR also determined that defendant was a career offender, but this did not impact his total offense level, as level 44 was already higher than the career offender offense level of 37 [*Id.* ¶ 80]. Defendant had a total of 24 criminal history points, resulting in a criminal history category of VI, and category VI would otherwise have applied under the career offender guidelines [*Id.* ¶ 96]. Based on a total offense level of 44 and a criminal history category of VI, the PSR calculated defendant's guideline range as life [*Id.* ¶ 110]. On June 8, 2004, Judge James H. Jarvis sentenced defendant to a term of life imprisonment [Doc. 780].

On appeal, the Sixth Circuit remanded for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005) [Doc. 893]. At resentencing, Judge R. Leon Jordan imposed a life sentence [Doc. 942]. Defendant appealed, and the Sixth Circuit affirmed [Doc. 989].

In 2014, defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines [Doc. 1229]. In 2017, while his initial motion remained pending, defendant again moved for a sentence reduction under § 3582(c)(2) in light of Amendment 792 and 788 to the Sentencing Guidelines [Doc. 1258]. The Court granted these motions and reduced defendant's total sentence to 360 months [Doc. 1282]. The Court found that the new guideline range applicable to defendant's drug conspiracy charge was 360 months to life, based on an offense level of 38 and a criminal history category of VI [*Id.* at 5].

2

Case 3:02-cr-00078-TAV-DCP   Document 1411   Filed 10/25/24   Page 2 of 9
PageID #: 4131

In December 2020, defendant filed a motion for compassionate release based on the COVID-19 pandemic [Doc. 1344]. The Court denied that motion, finding it need not determine whether defendant had set forth extraordinary and compelling reasons for release, as the § 3553(a) factors did not support his release [Doc. 1369, pp. 5–6].

During an overlapping timeframe, defendant also sought a reduced sentence under Section 404(b) of the First Step Act [Doc. 1295]. Similar to its compassionate release ruling, the Court concluded that defendant was eligible for a sentence reduction under Section 404(b), but that a reduction was not warranted in light of the § 3553(a) factors [Doc. 1362]. Defendant appealed the denial of his Section 404(b) motion, and the Sixth Circuit affirmed [Doc. 1382]. Defendant later filed a second motion under Section 404(b) [Doc. 1391], which the Court denied, noting again its prior ruling under the § 3553(a) factors [Doc. 1410].

In his motion for reconsideration of the denial of his first compassionate release, defendant states that he is "at another institution that is having another COVID-19 breakout" [Doc. 1370]. But defendant does not address the § 3553(a) factors on which the Court denied his request for compassionate release [*Id.*].

In his counseled motion, defendant contends that his heart conditions are an extraordinary and compelling reason for reducing his sentence [Sealed Doc. 1398]. As to the § 3553(a) factors, defendant states that he has served over 19 years on this sentence and has participated in programming [*Id.* at 9]. He also contends that he is not physically able to present a danger to the community and the current state of his health is both a specific

3

and general deterrent [*Id.*]. Moreover, defendant contends that his risk of recidivism is lower in light of his age [*Id.* at 9–10]. Defendant asks that the Court reduce his sentence to time served [*Id.* at 10].

The government responds that the Court should deny defendant's motions for the same reason as it previously denied compassionate release—the § 3553(a) factors do not support release [Doc. 1401, p. 1]. The government contests whether defendant's heart conditions constitute an extraordinary and compelling reason for a sentence reduction [*Id.* at 6]. But, regardless, the government contends that the § 3553(a) factors weigh against defendant's release at this time, noting the seriousness of the offense, defendant's criminal history, his disciplinary sanctions, and the amount of time defendant has served on his sentence (188 months) [*Id.* at 8–9].

Defendant has filed several supplements to his motion, all of which exclusively address his health conditions [Docs. 1405, 1407, 1408].

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may

4

modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 829].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine

5

> whether, in its discretion, the reduction authorized by [steps one and two] is
> warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that defendant appears to have exhausted his administrative remedies [Doc. 1401, p. 4]. Accordingly, the Court will address the merits of defendant's compassionate release request.

#### B. Section 3553(a) Factors

As noted above, the Court need not address all of the requirements of § 3582(c)(1)(A) if one is lacking. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a)

6

factors weigh against granting compassionate release, and therefore, the Court declines to address whether defendant has established extraordinary and compelling grounds for release.

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id.*

In concluding that the § 3553(a) factors weigh against compassionate release, the Court adopts and incorporates its prior rulings on this issue [Doc. 1362, pp. 9–10; Doc. 1369, pp. 6–8]. The Court thus finds:

> [D]efendant was the leader of the local chapter of the Vice Lords gang and directed the gang's drug activity [[PSR] at ¶¶ 47, 58]. Even after he was imprisoned, defendant directed the gang's drug trafficking activities [*Id.* at ¶¶ 47–49, 54, 58]. The record reflects that defendant "ordered a hit on . . . a former treasurer of the gang" and was involved in planning that hit [*Id.* at ¶ 67]. The Court further notes that, at the time the instant conspiracy began,

7

defendant was on parole for eight aggravated robbery convictions, and his prior convictions yielded over 20 criminal history points, all earned before age 32 [*Id.* at ¶¶ 85-93].

Regarding defendant's history and characteristics, the Court notes that defendant has an extensive criminal history, including eight aggravated robbery convictions, most of which involved the use of a firearm [PSR at ¶¶ 85–91]. Defendant committed numerous infractions while incarcerated in the Tennessee Department of Corrections on these charges [*Id.* at ¶ 92]. Finally, the Court acknowledges that defendant earned his GED in 2015 [Doc. 1353-1], but BOP records also show that he incurred eight disciplinary infractions while serving the instant sentence, including two incidents of possessing a dangerous weapon and two infractions for possessing intoxicants [Doc. 1353-3].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range (360 months to life) and the need to avoid unwarranted disparities. *Id.*

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. Defendant's conduct in directing gang-related activity even while in prison evidences the need to protect the public from future crimes by this defendant, as well as his lack of respect for the rule of law. Similarly, defendant's history of disciplinary infractions while in prison reflect the ongoing need to provide adequate deterrence and to provide just punishment.

[Doc. 1369, pp. 6–8]. Further, the Court finds:

Regarding the offense characteristics, the Court notes in particular that defendant's base offense level reflects his accountability for 1.5 kilograms of crack cocaine, a significant quantity of a highly dangerous substance and a quantity that would support a prosecution under 21 U.S.C. § 841(b)(1)(A) as amended by the Fair Sentencing Act [PSR ¶ 74]. The Court notes that defendant's offense conduct arose out of his gang involvement and whose purpose it was to control the drug trafficking in and around a Knoxville public housing project [*Id.* ¶ 46]. Defendant was the leader of the gang, and

8

Case 3:02-cr-00078-TAV-DCP    Document 1411    Filed 10/25/24    Page 8 of 9
PageID #: 4137

continued to direct the gang's drug trafficking activities after he was incarcerated [*Id.* ¶¶ 47, 54, 58]. Defendant also directed "hits" on several individuals and directed other punishment for violation of the gang's rules [*Id.* ¶ 58]. The Court also notes that numerous firearms were seized during law enforcement's investigation of the gang's criminal activities [*Id.* ¶ 59]. Furthermore, defendant was involved in multiple violent episodes relating to his drug trafficking activities, including robbing another drug dealer at gunpoint, and ordering "hits" on two separate individuals [*Id.* ¶¶ 65–67]. For these reasons, the Court finds that defendant's offense is serious.

[Doc. 1362, pp. 9–10]. And, as previously, the Court has considered defendant's medical conditions, and the impact such may have on his ability to commit future crimes, but finds that this factor does not outweigh the other § 3553(a) factors.

In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the § 3553(a) factors weigh against early release, and defendant's motion for reconsideration [Doc. 1370] and counseled motion for compassionate release [Doc. 1398] will be denied.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for reconsideration [Doc. 1370] and counseled motion for compassionate release [Doc. 1398] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE